IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| KRISTEN DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:18-cv-2114-DCN-JDA |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| BOONE HALL FARMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on United States Magistrate Judge Jacquelyn D. Austin's report and recommendation ("R&R") that the court deny defendant Boone Hall Farms, Inc.'s ("Boone Hall") motion for partial summary judgment with respect to plaintiff Kristen Dixon's ("Dixon") third cause of action for retaliation in violation of Title VII of the Civil Rights Act ("Title VII"), ECF No. 37. For the reasons discussed below, the court adopts the R&R and denies Boone Hall's motion for summary judgment.

## I. BACKGROUND

The R&R ably recites the facts, and Boone Hall did not object to the R&R's recitation thereof. Therefore, the court will only briefly summarize material facts as they appear in the R&R for the purpose of aiding an understanding of its legal analysis.

Beginning in March of 2016, Dixon worked as a server, cashier, and hostess at Boone Hall Farms Café (the "Café"). During her time there, Dixon claims to have been sexually assaulted on four different occasions by her co-worker Ricky Smalls ("Smalls"). Dixon alleges instances of blatant physical sexual abuse as well as threats of continued abuse. Dixon further alleges that although she submitted numerous complaints to her manager, Tim Junkins ("Junkins"), she received only threats to keep quiet and

1

disciplinary action in return. Shortly after the third alleged incident of sexual assault, Dixon claims she sought out Boone Hall's CEO Laura Bowers ("Bowers") who allegedly brushed off Dixon's concerns, stating that she did not have time for complaints about the working environment at the Café.

Shortly thereafter, on February 14, 2017, Dixon alleges that Smalls followed her into the Café bathroom, locked the door, and sexually assaulted her by grabbing her breasts and buttocks. Once again, Dixon claims, when she sought out Junkins and Bowers to report the incident the following day, she was met with disinterest by the former and threats of termination by the latter. Two days after the alleged February 14 assault, Dixon received two disciplinary "write-ups" and a weekend-long suspension. When she returned to work the following Monday, Dixon claims, her name was removed from the work schedule, and she was asked to return home until someone from the Café contacted her.

On February 23, Dixon met with Bowers, Human Resources Manager Abigail Watson ("Watson"), and Boone Hall owner William McRae ("McRae"). During the meeting, Dixon inquired into her employment status several times and was told that her status would not be determined until after an investigation into her accusations was completed. On March 1, Dixon again met with Bowers, Watson, and McRae, where she was told that her accusations had been thoroughly investigated and determined to be unfounded. Accordingly, Dixon was told, Smalls would not face termination or any other disciplinary action. Although it was made clear to Dixon during the March 1 meeting that she had not been fired and would be integrated back into the schedule, Dixon never returned to work at the Café, nor did she further contact her employer regarding work.

Shortly after Dixon ceased work at the Café, she filed an administrative charge with the Equal Opportunity Commission ("EEOC"), which issued a right to sue letter on April 25, 2018. Dixon brought the instant action in the Charleston County Court of Common Pleas on June 26, 2018, asserting three causes of action under Title VII: two for unlawful discrimination and one for retaliation.[1] ECF No. 1-1. Boone Hall removed the case to the district court on August 1, 2018, where it was assigned by local rule to Magistrate Judge Jacquelyn D. Austin. ECF No. 1. On June 14, 2019, Boone Hall filed the instant motion for summary judgment as to Dixon's third cause of action. ECF No. 28. On July 20, 2019, Dixon responded to the motion, ECF No. 33, to which Boone Hall replied, ECF No. 36. On August 18, 2018, Magistrate Judge Austin issued an R&R, recommending that the court deny Boone Hall's motion. ECF No. 37. Boone Hall filed objections to the R&R on September 3, 2019. ECF No. 40. Dixon responded to the objections on September 6, 2019. ECF No. 41. Therefore, the matter is now ripe for the court's review.

## II. STANDARD

### A. R&R

The Magistrate Judge makes only a recommendation to the court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The recommendation carries no presumptive weight, and the responsibility to make a final determination remains with the court. Id. at 270-71.

---

[1] Boone Hall argues that Dixon's first and second causes of action state a single claim under Title VII. ECF No. 28 at 1 n.1. Because Boone Hall moved for summary judgment with respect to Dixon's third cause of action only, see ECF No. 28 at 2 ("It is Plaintiff's [] claim of retaliatory discharge that is subject to summary judgment"), the court agrees with the R&R's conclusion that Dixon's first two causes of action are not ripe for consideration, and the court therefore declines to consider their validity.

3

The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The court is charged with making a de novo determination of any portion of the R&R to which a specific objection is made. Id. However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the magistrate judge's proposed findings. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

### B. Motion for Summary Judgment

Summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "[S]ummary

judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. The court should view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor. Id. at 255.

"The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact." Major v. Greenville Hous. Auth., 2012 WL 3000680, at *1 (D.S.C. Apr. 11, 2012). Nevertheless, "when a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. (quoting Fed. R. Civ. P. 56(e)). The plain language of Federal Rule of Civil Procedure 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[C]onclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion." Major, 2012 WL 2000680, at *1.

### III.  DISCUSSION

Boone Hall objects to the R&R's finding that Dixon presented sufficient evidence of her constructive discharge to survive summary judgment on her retaliation claim.[2]

---

[2] As the R&R noted, constructive discharge is only one avenue by which a plaintiff can make a showing of retaliation. See Ray v. Int'l Paper Co., 909 F.3d 661, 669 (4th Cir. 2018) (finding unlawful retaliation for reducing an employee's overtime

5

Specifically, Boone Hall argues that the R&R makes the "incorrect assumption . . . that [Dixon] has introduced sufficient evidence that she resigned out of fear of possible harassment from Mr. Smalls in the future." This objection is premised on an incorrect understanding of the standard for summary judgment. Therefore, the court rejects Boone Hall's objection and adopts the R&R.

Under Title VII, an employer may not discriminate against an employee because she has opposed an unlawful employment practice or made a charge, assisted, or participated in an investigation of prohibited conduct. 42 U.S.C. § 2000e-3(a). To establish a prima facie case of unlawful retaliation, a plaintiff must demonstrate that: (1) she engaged in protected activity, (2) she suffered an adverse employment action, and (3) causation between the protected activity and the adverse action. Foster v. Univ. of Md.-E. Shore, 787 F.3d 243, 250 (4th Cir. 2015). As to Dixon's claim that Boone Hall unlawfully retaliated against her by constructively discharging her from employment, Boone Hall argues that Dixon has failed to present sufficient evidence of the second element. In other words, Boone Hall argues that Dixon has failed to show that any "adverse employment actions" taken against her amount to grounds for a constructive discharge.

Boone Hall is correct that the bar for establishing a constructive discharge is a high one. "The constructive-discharge doctrine contemplates a situation in which an employer discriminates against an employee to the point such that his 'working

---

hours). Boone Hall's motion for summary judgement was limited to Dixon's retaliation cause of action, and it was further limited to her claim of constructive discharge within that cause of action. The R&R correctly declined to consider other means by which Dixon might show retaliation.

conditions become so intolerable that a reasonable person in the employee's position would have felt compelled to resign.'" Green v. Brennan, 136 S. Ct. 1769, 1776 (2016) (quoting Pennsylvania State Police v. Suders, 542 U.S. 129, 146 (2004)). For an employee's resignation to constitute a discharge for the purposes of Title VII, he "must prove first that he was discriminated against by his employer to the point where a reasonable person in his position would have felt compelled to resign." Id. at 1777.[3]

The R&R found that Dixon presented evidence of her alleged constructive discharge such that summary judgment on the claim is inappropriate. Specifically, the R&R found that Dixon made a showing of constructive discharge because she presented evidence of repeated instances of sexual abuse, coupled with Boone Hall's failure to remediate the danger or otherwise protect Dixon from future attempts of abuse by Mr. Smalls. According the R&R, a reasonable jury could find that these circumstances satisfy the "intolerable" standard because no "reasonable person under such circumstances would continue to subject herself to repeated sexual assaults and harassment rather than resign." ECF No. 37 at 11 (citing Llewellyn v. Celanese Corp., 693 F. Supp. 369, 381 (W.D.N.C. 1988)). In response, Boone Hall argues that the R&R

---

[3] In its objection, Boone Hall relies on a district court case for the proposition that constructive discharge is a "legal fiction" and "constitutes an element of a larger claim, like Title VII." ECF No. 40 at 13 (quoting and citing Bradley v. U.S. Foods, Inc., 2015 U.S. Dist. LEXIS 117751, at *31 (D.S.C. June 30, 2015)). Relying on such law in this context is misleading. The court in Bradley made the statement on which Boone Hall now relies merely to clarify that constructive discharge, in and of itself, is not a cause of action that entitles a plaintiff to relief; instead, it is a "manner in which a plaintiff [can] seek[] to establish an element such as an 'adverse employment action' for a Title VII discrimination claim." Id. Here, Dixon does not attempt to seek relief based on her constructive discharge alone but uses it to establish an element of her retaliation claim, a use for which the doctrine was intended.

improperly found that Dixon resigned out of a fear of future abuse when Dixon had presented no evidence to that effect.

Boone Hall's argument is premised on a misunderstanding of the summary judgment standard. To survive a summary judgment motion on her retaliation claim based on constructive discharge, Dixon must present evidence that creates a genuine issue as to whether her working conditions were so intolerable that a reasonable person in her shoes would have resigned. Dixon has presented evidence that she was physically abused by a fellow employee on several occasions. Dixon has also presented evidence that Boone Hall's management team did not terminate, discipline, or otherwise take precautions to protect Dixon from her alleged abuser. Evidence of these two facts creates a genuine issue as to whether Dixon was constructively discharged. See Llewellyn, 693 F. Supp. at 381 ("No one should be required to keep a job to endure [] sexual harassment and threats of violence . . . .").

In its objection, Boone Hall asks the court to weigh this evidence against evidence that Dixon was not fearful of her abuser and conclude that Dixon did not resign out of a fear of future abuse. For example, Boone Hall contends that Dixon's failure to mention her fear of returning to work in meetings about her complaints "establishes that [Dixon's resignation] was not motivated by any threat of future harassment . . . ." ECF No. 40 at 17. In other words, Boone Hall asks the court to conclude, as a matter of law, that Dixon's working conditions were not intolerable because there is evidence that she failed to raise her concerns in two meetings. To do so, the court would have step well outside of its role as determiner of the law. Weighing evidence to determine whether Dixon's working conditions were in fact intolerable is within the sole purview of the factfinder,

not the court.  At the summary judgment stage, the court considers the evidence presented, in a light most favorable to the non-moving party, and determines whether there is a genuine issue of disputed fact.  In asking the court to weigh the competing evidence and make a factual conclusion that Dixon did not fear future abuse, Boone Hall proves correct the Magistrate Judge's finding that such a dispute exists.

The narrow purpose of summary judgment is to provide a moving party with relief where a dispute is purely legal in nature or where the evidence on an issue is so one-sided that the factual dispute is not genuine because no reasonable jury could find for the non-moving party.  In asking the court to conclude the Dixon was not constructively discharged where evidence exists on both sides of the ledger, Boone Hall forgets this limited purpose.  To be sure, a jury may find that Dixon's conditions were not intolerable or that she did not resign out of a fear of future abuse, but such a credibility determination is not one for the court.  For these reasons, the court agrees with the R&R and finds that there is a genuine issue of material fact as to whether Dixon was constructively discharged.  As such, it adopts the R&R and denies Boone Hall's motion for summary judgment.

## IV. CONCLUSION

For the foregoing reasons the court **ADOPTS** the Magistrate Judge's R&R and **DENIES** defendant's motion for summary judgment.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**November 19, 2019**
**Charleston, South Carolina**